**Mary Ruth DANIEL, Appellant,**

v.

**SOUTH KENTUCKY R.E.C.C.; Herman Schoolcraft; Jerry Edmonds and Estil Luttrell, Appellees.**

Court of Appeals of Kentucky.

Aug. 8, 1980.

Rehearing Denied Sept. 5, 1980.

Discretionary Review Denied Jan. 8, 1981.

Robert L. Bertram, M. Gail Wilson, Jamestown, Morris Butler, Greensburg, for appellant.

Joe L. Travis, Somerset, Howard K. Cooper, County Atty., Jamestown, for appellee, South Kentucky R.E.C.C.

Before BREETZ, HOWERTON and REYNOLDS, JJ.

BREETZ, Judge.

Mary Ruth Daniel appeals from a judgment n.o.v. entered against her following a verdict and judgment in her favor in the amount of $40,000.00. We affirm.

Her injuries occurred while she and Jerry Edmonds were helping her brother, Estil Luttrell, erect a television antenna outside her brother's home. The antenna fell into high voltage power lines belonging to South Kentucky R.E.C.C. She was holding onto a guy wire and received electrical burns on her hand.

The power lines ran parallel to the house. Three 7,200 volt lines (phase wires) were the highest and were 27 feet off the ground. They were not insulated. A single neutral line was in the middle and it was 23 feet high. Two 110 volt lines (the underbelt) were the lowest and were 20½ feet from the ground. The line closest to the house was eleven feet from it. The house had a porch which was four to five feet deep which would have reduced the horizontal clearance to the porch to six to seven feet. These distances, except for the depth of the porch, were testified to by an employee of the R.E.C.C. as being from actual measurements.

Testimony on behalf of Mary Ruth was that the horizontal clearance was four to five feet and that the lowest wires were only four to five feet above the house. These distances were testified to as being only estimates. The television antenna was 30 feet long by one account and between 30 to 35 feet by another. The antenna hit the 7,200 volt phase wire closest to the house.

Mary Ruth was the only person who testified as to how the accident occurred. Her total testimony in that regard was:

Q. Now, if you would, Mrs. Daniel, tell the jury exactly what happened on August 20, 1974 in reference to this accident?

A. Well, I was helping my brother put up an antenna. I was on the ground holding the guide wire and Jerry was on top of the house and my brother were on top.

Q. Jerry–you're talking about Mr. Edmonds up here?

A. Yes.

Q. Okay.

A. And the antenna fell and went into the high lines.

Q. How far were the lines away from the house horizontally? I mean out in front of the house from the highest point?

A. Well, I would say not over four to five feet.

Q. All right, and how far were they above the house?

A. Not over that either, because they was practically at the house.

On cross–examination she admitted that she knew the lines were there before she assisted in the erection of the antenna and that she knew they were "direct at the house"- not more "than four to five feet over or from it".

Mary Ruth cannot escape the charge of contributory negligence by stating that she did not know the lines were not insulated, that she did not know what amount of current they carried or that she thought they were safe because they were so close to the house. *Goetz v. Green River Electric Coop. Corp.*, Ky., 398 S.W.2d 712, 713 (1966) states, "[t]he danger inherent in power lines and electric lines generally needs no elaboration." Insulated or not–7,200 volt or 110 volt–they are dangerous.

She is, therefore, to be charged with knowledge of the danger of these lines and "[r]easonable care demanded that every precaution be taken to avoid contact with the wires." *Vaught's Adm'x v. Kentucky Utilities Company*, Ky., 296 S.W.2d 459, 463 (1956). It is obvious that no precaution was taken to prevent serious injury by any of the three participants in the event the antenna would come into contact with the wires. Placing herself in such a situation with the known hazard of the wires present, she was negligent as a matter of law. *Carr v. Kentucky Utilities Company*, Ky., 301 S.W.2d 894 (1957).

Mary Ruth's notice of appeal and statement of appeal listed four appellees: R.E. C.C., Edwards, Luttrell and Herman Schoolcraft. She asserted no claim against either Edmonds or Luttrell. They were only third–party defendants to R.E.C.C.'s claim for indemnity or contribution. Schoolcraft was the process agent for R.E.C.C. There is no appeal against these three individuals to be decided by this court.

The judgment is affirmed.

All concur.